**FITZGERALD FOREST PRODUCTS, L.P., et al., Plaintiffs,**

v.

**DURAND RAUTE CORP. OF OREGON, et al., Defendants.**

No. 5:95–cv–453(WDO).

United States District Court,
M.D. Georgia,
Macon Division.

July 3, 1996.

David T. Hobby, Fitzgerald, GA, Hardy Gregory, Jr., Cordele, GA, for plaintiffs.

Marc Thomas Treadwell, Jon Christopher Wolfe, Macon, GA, Ben B. Mills, Jr., Fitzgerald, GA, for defendants.

## ORDER

OWENS, District Judge.

Before the court are several motions by the parties relative to this court's jurisdiction. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

## BACKGROUND

Plaintiff originally filed this action in the Superior Court for Ben Hill County, Georgia. Defendants removed the case here alleging that plaintiff had fraudulently joined Durand Raute Corp. of Oregon ("DRO") to destroy diversity (one of the plaintiffs is an Oregon resident). Plaintiff moved for remand, and DRO moved for dismissal of the complaint against it. The court converted DRO's motion to dismiss to one for summary judgment pursuant to Rule 12(b). On March 29, 1996, the court held an evidentiary hearing in Macon, Georgia relative to these motions. On July 1, 1996, the court held an in-chambers conference to discuss with counsel the court's views on whether diversity jurisdiction existed in this matter.

## DISCUSSION

The Fifth Circuit has thoroughly stated the standards and procedures to be followed under these circumstances:

The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

In support of their removal petition, the defendants may submit affidavits and deposition transcripts; and in support of their motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint. The district court must then evaluate all of the

factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549–50 (5th Cir.1981). In essence, the district court is being asked to consider the contentions in a summary judgment fashion. This was done when the court converted DRO's motion to dismiss to one for summary judgment; provided the parties additional time in which to supplement the record; held an evidentiary hearing for the presentation of testimony; and gave the parties an opportunity to argue that evidence to the court.

Based on the existing record, the court finds the following material facts to be undisputed: that the contract or agreement which forms the basis for this action was between Durand Raute Industries, Ltd. ("DRI") and plaintiff; .that there was no contract or agreement between DRO and plaintiff; and that DRO acted solely as a sales agent for a disclosed principal, that being DRI. After stating these facts to both sides at the in-chambers conference, defendants agreed with the court's assessment, and plaintiff could not direct the court to any testimony or other evidence to the contrary.

■ Complete diversity hinges upon whether DRO is a proper party defendant.[1] Plaintiffs have alleged two claims, one for breach of contract and one for fraud. Plaintiffs agree that "the agent for the disclosed principal is not personally liable *under the contract.*" Plaintiffs' Post-hearing Brief, at 3 (emphasis supplied). Because the court finds undisputed the fact that DRO acted at all times as an agent for the disclosed principal DRI, plaintiffs may not seek to impose contractual liability upon DRO.

■ Plaintiffs nevertheless contend that DRO is liable for the tort of fraud. Regarding DRO's potential "fraud" liability, plaintiffs state as follows:

> Dick Baldwin's testimony was not that Ben Bole "opined" that Durand–Raute was competent in lathe technology and controls rather it was that Ben Bole represented that Durand–Raute Entities *were* competent in the controls and software. Such a statement is not puffing or a mere expression of opinion. It was a statement that was falsely made and it was a misstatement of existing fact. Defendants' characterization of Plaintiffs' fraud claim fails to properly analyze the claim and thus misinterprets the application of law to the claim.

Plaintiffs' Post-hearing Brief, at 4. Plaintiffs also allege that DRO promised that the contracted-for equipment would be thoroughly tested. Defendants contend that any fraud claim is barred for one of two reasons: the contract's merger clause, or caselaw does not support a claim under these facts. Defendants' Post-hearing Brief, at 10–11.

Although it is not clear on the record before the court whether the merger clause is in fact part of the contract,[2] the court finds that DRO is nevertheless entitled to summary judgment on the fraud claim. As stated by defendants, "there is simply no evidence that DRO committed actionable fraud." Defendants' Post-hearing Brief, at 11.[3] Moreover, the statements allegedly made by DRO (acting through Bole) were nothing more than mere puffery. Attesting to a principal's "competency" within its own area of manufacture is to be expected. Thus a representation that a medical management company possessed "expertise and experience in profitably operating nursing homes" was "mere commendation or 'puffing'. . . ."

---

1. Although Ben Bole is not named as a defendant in plaintiffs' complaint, he was apparently the only person through whom DRO could have acted. The court's reference to DRO is the equivalent of reference to Bole.

2. The parties contest when the actual agreement arose. *See* Defendants' Post-hearing Brief, at 8–10.

3. Defendants have cited the court to cases supporting this contention. Plaintiffs, however, have not suggested any authority for the proposition that an agent may be liable for fraud independent of the principal, and summarily conclude in their brief that defendant's statement "was falsely made and it was a misstatement of existing fact."

*Charter Medical Mgt. v. Ware Manor,* 159 Ga.App. 378, 283 S.E.2d 330, 335 (1981).

Furthermore, representations as to shop-testing of the equipment may support a fraud claim against DRO. As defendant notes in its post-hearing reply brief, plaintiffs admitted that such shop-testing had in fact been performed. Whether the shop-testing conformed to that allegedly required by the contract is more properly addressed in a breach of contract action against the party to perform (DRI), not one for fraud. In any event, it appears that the shop-testing representation was promissory in nature as to future acts, and as such is not a proper foundation for a fraud claim. *See Kennesaw Life & Acc. Ins. Co. v. Flanigan,* 114 Ga.App. 510, 151 S.E.2d 881, 881 (1966) (tort claim "failed to state a cause of action because the representations upon which the action is predicated were promises and conjectures as to future acts and events"). On the basis of the facts now before the court, Georgia law simply does not recognize a claim for fraud by plaintiffs against DRO.

### CONCLUSION

Having found the foregoing undisputed material facts based on the record as it now exists, it is the court's considered judgment that for the reasons stated in-chambers as well as in this order summary judgment should issue in defendants' favor on the jurisdictional question. Plaintiffs' motion to remand [tab # 8] and motion to strike [tab # 26] are **DENIED.** DRO's motion [tab # 2] to dismiss [4] claims against it is **GRANTED.** The motion by defendants DRI and Durand Raute Corp. [tab # 4] to dismiss the complaint against them is **DENIED,** subject to the court's reconsideration of those grounds upon further discovery.[5]

**SO ORDERED.**

---

4. As noted, this motion was converted to one for summary judgment under the authority of Rule 12(b).

5. Defendants' supplemental motion [tab # 22] and plaintiffs' renewal motion [tab # 37] are also both **DENIED AS MOOT.**